NOT FOR PUBLICATION                                                                    (Doc. No. 5)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RAYMOND L. BARTEE, JR.,

                Plaintiff,

    v.                                                                        Civil No. 17-685 (RBK/JS)

JOHN C. PORTO, et al.,                                                  **OPINION**

                Defendants.

       This matter comes before the Court upon Defendant John C. Porto ("Defendant")'s Motion to Dismiss (Doc. No. 5). Plaintiff Raymond Bartee claims that Defendants conspired to deprive him of due process and equal protection in a criminal proceeding. Plaintiff therefore brings section 1983 claims against Defendants. For the reasons discussed below, Defendant's motion to dismiss is **GRANTED**.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

       Plaintiff's complaint appears to stem from a criminal trial that began in January 2016 in New Jersey Superior Court in Cape May County. Compl. at 2-3 (Doc. No. 1-3). Plaintiff specifically alleges that Defendant Porto (the Judge for the criminal trial), Stephen B. Patrick (Defendant's public defender), and "Hoernarman," whom Plaintiff later clarified to be "Hoerner" (the prosecutor), conspired to deprive him of his rights by allowing the trial to go forward. *Id.*; Pl.'s Opp'n Br. at 6 (Doc. No. 6). Plaintiff alleges that Defendants conspired to deprive him of his due process and equal protection rights through use of "racist threats, intimidation, and coercion." Compl. at 2. Plaintiff specifically notes that Defendants allowed the trial to proceed

---

[1]. On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Accordingly, for purposes of this motion, the Court adopts and accepts as true the facts as pled in the Complaint.

and selected jurors despite the fact that there was no "injured party" making a claim against him. *Id.* Plaintiff also complains that he was deprived of documents in parse-syntax grammar.[2]

Plaintiff filed his complaint in New Jersey Superior Court on or around January 9, 2017. Compl. Defendant Porto removed the case to this Court on February 1, 2017. Notice of Removal (Doc. No. 1). Defendant then filed the instant motion to dismiss on February 22, 2017.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips*, 515 F.3d at 233)). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Yet, while "detailed factual allegations" are unnecessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).

To make this determination, a court conducts a three-part analysis. *Santiago v.*

---

2. The Court observes that Plaintiff's complaint includes 10 pages in "parse-syntax" grammar with an accompanying key to identify correct words used in place of wrong words. The Court declines to use Plaintiff's preferred grammatical conventions in the instant opinion.

*Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id.*

### III.  DISCUSSION

Defendant Porto moves to dismiss Plaintiff's complaint against him on the basis of absolute judicial immunity. Def.'s Br. at 3-6 (Doc. No. 5-3). Where, as here, a plaintiff seeks monetary relief from a judicial officer, the doctrine of judicial immunity is implicated. Judicial immunity rests on the principle that "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citation omitted)).

Plaintiff argues that Defendant Porto is not entitled to judicial immunity because he lacked authority and jurisdiction over Plaintiff. Pl.'s Opp'n Br. at 8. Plaintiff contends that Defendant lacked jurisdiction because Plaintiff did not commit a crime. *Id.* Defendant Porto responds that "the claimed innocence of the accused is not an argument against jurisdiction." Def.'s Reply Br. at 1-2 (Doc. No. 7).

The Court agrees with Defendant. All of Plaintiff's allegations relate to Defendant's

actions in his capacity as a Superior Court Judge. Judge Porto was performing his duties as a judicial officer when he presided over Plaintiff's criminal trial. Plaintiff may believe that Porto was acting without jurisdiction, but Plaintiff's subjective belief does not override objective reality. Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted, Defendant Porto will be dismissed from this action with prejudice.

## IV.  CONCLUSION

For the reasons stated herein, Defendant John C. Porto's motion to dismiss is **GRANTED**. John C. Porto shall be **TERMINATED** from the case.


Dated:  03/30/2017                                                                             s/ Robert B. Kugler
                                                                                            ROBERT B. KUGLER
                                                                                            United States District Judge